UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MOHIT RANDHAWA aka HARPAL SINGH,<br><br>      Plaintiff,<br><br>    v.<br><br>SKYLUX INC., INTERACTIVE INTELLIGENCE, INC., MUJEEB PUZHAKKARAILLATH, and DOES 1 through 20, inclusive,<br><br>      Defendants.<br>_____/ | NO. CIV. 09-2304 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE:<br>INTERACTIVE INTELLIGENCE,<br>INC.'S MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Mohit Randhawa aka Harpal Singh filed this action in state court against defendants Skylux Inc. ("Skylux"), Interactive Intelligence, Inc. ("Interactive"), and Mujeeb Puzhakkaraillath alleging various state claims relating to a contract for calling center software. All defendants removed the action to federal court. Defendant Interactive moves to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(3) for improper

1

venue.

I.   <u>Factual and Procedural Background</u>

Skylux is a New York corporation of which Puzhakkaraillath, a New York resident, is President and CEO. (First Amended Complaint ("FAC") ¶¶ 4, 15; Decl. Puzhakkaraillath ¶ 7.)  In April 2005, Skylux and Puzhakkaraillath allegedly contacted plaintiff, a resident of California, advertising software for an integrated calling center.  (FAC. ¶¶ 1, 8.)  The software was manufactured by Interactive, an Indiana corporation, and Skylux acted as authorized reseller and service provider. <u>Id.</u> ¶¶ 3, 8, 17.  On May 27, 2005, representatives for plaintiff entered into a written Memorandum of Understanding ("MOU") with Skylux Telelink Pvt. Ltd. ("STPL"), an Indian company also owned by Puzhakkaraillath, to set up the Interactive software for an inbound and outbound Indian calling center for plaintiff's future company.  (FAC Ex. A; FAC ¶ 9; Decl. Puzhakkaraillath ¶ 4.)

Beginning around September 2005 and ending in May 2009, plaintiff had technical difficulties using the Interactive software.  <u>Id.</u> ¶ 13.  Plaintiff alleges he purchased software for inbound and outbound calls, but the licenses he received were only for outbound calls.  <u>Id.</u>  Plaintiff alleges that Interactive refused to provide him with the correct inbound/outbound licenses for four years after providing proof of purchase.  <u>Id.</u> ¶¶ 18, 24. Interactive allegedly refuses to acknowledge that plaintiff has purchased the licenses.  <u>Id.</u> ¶ 20.

II.  <u>Discussion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable

inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Here, plaintiff alleges that he purchased Interactive licenses, and defendant Interactive has provided the court a copy of its license agreement with Shannon Callnet, plaintiff's India company, (FAC ¶¶ 10, 13, 18; Mot. to Dismiss Interactive Ex. A.) and no party has questioned its authenticity. Also, plaintiff and defendants Skylux and Puzhakkaraillath have provided the court with a copy of the MOU (Removal Ex. A; FAC Ex. A) and no

3

party has questioned its authenticity.  Accordingly, the court will consider these documents in deciding Interactive's motions to dismiss.

The judicial power of the federal courts is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 1.  Without this basic requirement met, a federal court lacks subject matter jurisdiction to hear a case.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992); see Fed. R. Civ. P. 12(b)(1).  The doctrine of standing is an "essential and unchanging part of the case-or-controversy requirement of Article III."  Defenders of Wildlife, 504 U.S. at 560 (citing Allen v. Wright, 468 U.S. 737, 751 (1984)).  "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Article III standing requires that a plaintiff allege "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen v. Wright, 468 U.S. at 751.  Prudential standing further limits which plaintiffs can appear in federal court.  See Warth v. Seldin, 422 U.S. at 499.

One of the prudential requirements of the standing doctrine is that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Warth v. Seldin, 422 U.S. at 499.  As applied to corporate shareholders, the law is clear that shareholders are generally prohibited from "initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the

4

same action for reasons other than good-faith business judgment." Franchise Tax Bd. of Calif. v. Alcan Aluminium Ltd., 493 U.S. 331, 336 (1990). Here, plaintiff lacks prudential standing because the injuries of which he complains are indirect injuries incurred in his capacity as shareholder of Shannon Callnet

Interactive has provided the court with a copy of the license agreement that forms the basis of plaintiff's first, second, sixth, and seventh causes of action against Interactive. (Mot. to Dismiss Interactive Ex. A; see FAC.) The software licenses granted by Interactive through its India reseller STPL were granted to Shannon Callnet, not to plaintiff. Furthermore, the MOU with STPL does not include Interactive as a party or discuss Interactive in any respect. (See FAC Ex. A.) Plaintiff concedes that the software was purchased "on behalf of" Shannon Callnet by STPL. (Singh Decl. Opp. Mot. to Dismiss Interactive ¶ 2.)

Although plaintiff asserts that he "was the sole shareholder, officer and director" of Shannon Callnet (Id. ¶ 1), this is insufficient to personally enforce Shannon Callnet's rights against Interactive. There are simply no facts to suggest that Interactive has ever had any contact with plaintiff as an individual instead of as a representative of Shannon Callnet. Plaintiff appears to concede as much in his Opposition and requests leave there and at oral argument to amend his FAC to add Shannon Callnet as a plaintiff. (Opp. Mot. to Dismiss Interactive 2.) Because plaintiff lacks standing to assert claims against Interactive, this court lacks jurisdiction over such claims and plaintiff's FAC must be dismissed as against

5

1  Interactive.
2         IT IS THEREFORE ORDERED that defendant Interactive's
3  motion to dismiss be, and the same hereby is, GRANTED.  Plaintiff
4  is given thirty days from the date of this Order to file an
5  amended complaint consistent with this Order.
6  DATED:  November 2, 2009

         WILLIAM B. SHUBB
         UNITED STATES DISTRICT JUDGE