UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MOHIT RANDHAWA aka HARPAL
SINGH and SHANNON CALLNET PVT        NO. CIV. 2:09-2304 WBS KJN
LTD,

     Plaintiffs,                   MEMORANDUM AND ORDER RE:
                                     MOTIONS TO DISMISS, TO COMPEL
  v.                              ARBITRATION, AND TO TRANSFER
                                     VENUE
SKYLUX INC., INTERACTIVE
INTELLIGENCE, INC., MUJEEB
PUZHAKKARAILLATH, SKYLUX
TELELINK PVT LTD, and DOES 1
through 20, inclusive,

     Defendants.
_____/

----oo0oo----

     Plaintiffs Mohit Randhawa aka Harpal Singh ("Randhawa")
and Shannon Callnet PVT LTD ("Shannon Callnet") filed this action
against defendants Skylux Inc. ("Skylux"), Skulux Telelink Pvt
Ltd. ("STPL"), Interactive Intelligence, Inc. ("Interactive"),
and Mujeeb Puzhakkaraillath alleging various state claims
relating to a contract for calling center software.  Defendant
Interactive moves to dismiss Randhawa's claims against it

1

1   pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of

2   subject matter jurisdiction, and moves the court for an order

3   compelling arbitration of the remaining claims against them.  In

4   the alternative, Interactive moves for a transfer of venue to the

5   Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

6   Defendants Skylux, STPL, and Puzhakkaraillath move to dismiss

7   plaintiffs' third cause of action for misrepresentation pursuant

8   to Rule 12(b)(6) and for a transfer of venue to the Southern

9   District of Indiana pursuant to 28 U.S.C. § 1404(a).

10      A.   Interactive's Motion To Dismiss Claims by Randhawa

11           The court previously granted Interactive's motion to

12  dismiss Randhawa's claims against Interactive for lack of

13  standing in the court's November 3, 2009 Order.  (Docket No. 26.)

14  Plaintiffs' Second Amended Complaint ("SAC") remedied the

15  standing problem by adding Shannon Callnet as plaintiff, and now

16  both Randhawa and Shannon Callnet complain against Interactive.

17  Interactive moves again to dismiss Randhawa's claims against it

18  for lack of standing, leaving Shannon Callnet as the sole

19  plaintiff complaining against it.  (Interactive's Mot. to

20  Dismiss, Docket No. 50.)  Plaintiffs' Opposition to Interactive's

21  motion does not address this argument.  (See Opp'n to

22  Interactive's Mot. to Dismiss, Docket No. 56.)  For the same

23  reasons expressed in the court's November 3, 2009 Order,

24  Randhawa's claims against Interactive will be dismissed.

25      B.   Interactive's Motion To Compel Arbitration

26           Interactive also moves for an order compelling

27  arbitration of Shannon Callnet's claims against it, or, in the

28  alternative, to transfer the action to the Southern District of

Indiana.  Both parties agree that the Federal Arbitration Act
("FAA"), 9 U.S.C. §§ 1-16, applies to the instant motion if the
arbitration clause is found to be valid.  (<u>See</u> Interactive's Mot.
to Dismiss at 5; Opp'n to Interactive's Mot. to Dismiss at 2.)
Because the License Agreement stipulates that Indiana law governs
all disputes, Interactive asserts that Indiana's Uniform
Arbitration Act also applies.  <u>See</u> Uniform Arbitration Act, Ind.
Code §§ 34-57-2-1 to 34-57-2-22.  The FAA provides that contracts
to arbitrate disputes "shall be valid, irrevocable, and
enforceable, save upon such grounds as exist at law or in equity
for the revocation of any contract."  9 U.S.C. § 2; <u>see also</u> Ind.
Code § 34-37-2-1(a) (stating that written agreements to arbitrate
are valid and enforceable "except upon such grounds as exist at
law or in equity for the revocation of any contract").  A
district court must issue an order compelling arbitration if 1) a
valid agreement to arbitrate exists; and 2) that agreement
encompasses the dispute at issue.  <u>See</u> <u>United Computer Sys., Inc.</u>
<u>v. AT&T Corp.</u>, 298 F.3d 756, 766 (9th Cir. 2002).

Interactive has submitted a copy of a 2005 License
Agreement with Shannon Callnet for the use of Interactive call
center software which designates Indiana law as governing
disputes under the License Agreement and mandates arbitration in
cases where the licensee's principal offices are outside the
United States.  (Supp. Decl. Stephen R. Head Ex. A ¶¶ 8.9-.10.)
STPL obtained Interactive licenses on behalf of Shannon Callnet
on August 1, 2005, and Interactive mailed Shannon Callnet a copy
of the License Agreement on October 6, 2005, which was signed for
on October 10, 2005.  (<u>Id.</u> Ex. A p.4, B-C.)  These exhibits'

validity are unchallenged by Shannon Callnet.

At oral argument counsel for plaintiffs argued for the first time that they believe the entire License Agreement is invalid because they allege Skylux and STPL were engaged in a fraud against them.  Yet Shannon Callnet is suing Interactive for, inter alia, breach of that very agreement.  The SAC makes it clear that Shannon Callnet is suing Interactive for failing to provide the correct licenses that were purchased on its behalf by STPL.  Those licenses were purchased under the terms of the License Agreement and not, as the court has previously noted, under the Memorandum of Understanding ("MOU") signed by Randhawa. (November 3, 2009 Order, (Docket No. 26), at 5.)  Simply put, Shannon Callnet wants to enforce those parts of the contract it likes and ignore those parts it dislikes.  Shannon Callnet cannot have it both ways.

Indeed, it is clear from the terms of the MOU between Randhawa and STPL and from the allegations contained in plaintiffs' SAC that STPL had the authority and was contractually obliged to obtain all of the required licenses for operating Shannon Callnet's call center.  (SAC Ex. A; SAC ¶ 10); see Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc., 773 N.E. 2d 881, 888 (Ind. App. 2002) ("Actual authority exists when the principal has, by words or conduct, authorized the agent to enter into a contract for the principal.").

Shannon Callnet also argues that it should not be bound by the arbitration clause because it did not know that STPL entered into the License Agreement on its behalf in order to obtain the Interactive software for its calling center.  (Opp'n

4

to Interactive's Mot. to Dismiss at 2 (arguing that Randhawa was never aware of the License Agreement or its terms, and that Shannon Callnet never signed the License Agreement).)   The relevant inquiry, however, is whether the terms of STPL's agency authorized it to assent to the License Agreement on Shannon Callnet's behalf.  <u>See</u> <u>Heritage Development of Indiana</u>, 773 N.E. 2d at 888 ("In general, a principal will be bound by a contract entered into by the principal's agent on his behalf only if the agent had authority to bind him.").  As explained <u>supra</u>, the answer to this inquiry is clearly "yes."

    Even if STPL lacked the authority to assent to the arbitration clause on Shannon Callnet's behalf, Shannon Callnet subsequently ratified the License Agreement when it continued to use Interactive's software after it had actual notice of the terms of the License Agreement.  <u>See</u> <u>id.</u> at 889 ("Ratification means the adoption of that which was done for and in the name of another without authority. . . . Corporations act only by and through their officers and agents, and ratification may be inferred from . . . passive acquiescence or from the receipt of benefits with knowledge.") (quoting <u>State ex rel. Guaranty Bldg.</u> <u>& Loan Co. v. Wiley</u>, 100 Ind. App. 438 (1935)) (internal quotation marks omitted).  Interactive mailed a copy of the License Agreement to Shannon Callnet--specifically to Rana Ravinder, Randhawa's brother-in-law and one of Shannon Callnet's directors--at their listed company headquarters in India two months after STPL obtained the licenses on Shannon Callnet's behalf.  (Interactive Mot. to Dismiss at 6; Supp. Decl. Stephen R. Head Ex. B-C.)  Shannon Callnet continued to use the

1 Interactive software governed by the License Agreement through

2 May of 2009.  (SAC ¶ 18.)  Shannon Callnet therefore ratified the

3 terms of the License Agreement including the arbitration clause.

4        The License Agreement states that where the "Customer's

5 principal office is outside the United States . . . . any

6 controversy or claim arising out of or relating to this Agreement

7 or the existence, validity, breach or termination thereof . . .

8 will be finally settled by compulsory arbitration . . . ."

9 (Supp. Decl. Stephen R. Head Ex. A ¶ 8.10.1.)  It is uncontested

10 that Shannon Callnet's principal office is in Ludhiana, India

11 (SAC ¶ 2) and that Shannon Callnet's claims against Interactive

12 stem from its purchase and use of Interactive software.  (See SAC

13 ¶¶ 9-23.)  Shannon Callnet's claims against Interactive,

14 therefore, are subject to the arbitration clause of the License

15 Agreement.  The court will accordingly grant Interactive's motion

16 to compel arbitration of Shannon Callnet's claims against it.

17     C.   <u>Skylux, STPL, and Puzhakkaraillath's Motion To Dismiss</u>

18        Skylux, STPL, and Puzhakkaraillath move to dismiss

19 plaintiffs' third cause of action for misrepresentation against

20 them pursuant to Federal Rule of Civil Procedure 12(b)(6) for

21 failure to state a claim upon which relief can be granted.  In

22 addition to arguing that the third cause of action fails to meet

23 the heightened pleading standard of Rule 9(b), defendants also

24 argue that none of the alleged misrepresentations are actionable

25 in fraud as a matter of law.  Plaintiffs' one-page Opposition to

26 defendants' motion to dismiss does not address this latter

27 argument.

28        On a motion to dismiss, the court must accept the

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-57).

The plaintiff must plead each element of fraud, which are: (1) misrepresentation; (2) scienter; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008). Plaintiff's third cause of action for misrepresentation is also subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  Under Rule 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b).  The plaintiffs must include the "who, what, when, where, and how" of the fraud. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple

defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." <u>Ricon v. Reconstrust Co.</u>, No. 09cv937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting <u>DiVittorio v. Equidyne Extractive Indus.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' SAC alleges six material misrepresentations by Skylux, STPL, and Puzhakkaraillath: that 1) STPL would be responsible for the entire implementation of the calling center software and the calling system; 2) Puzhakkaraillath, Skylux, and STPL would provide customers to the call center; 3) the call center would generate at least one million dollars in profits per year; 4) the call center would have enough business to stay open twenty-four hours a day, seven days a week; 5) besides the initial investment, Randhawa would not have to invest any more money in the business; and 6) Puzhakkaraillath, Skylux, and STPL would immediately obtain all licenses and permits necessary for the operation of the call center. (SAC ¶¶ 10, 32.)

Plaintiffs have remedied many of the defects present in the First Amended Complaint, yet how STPL is involved in the alleged misrepresentations remains unclear. Plaintiffs allege that Skylux contacted them and that they spoke with Puzhakkaraillath in April and May of 2005. (SAC ¶¶ 9-11). However, plaintiffs allege that Puzhakkaraillath was making representations on behalf of Skylux, not STPL. It appears that STPL was not involved in the MOU negotiations and representations that allegedly induced plaintiffs to enter into the MOU. While the court recognizes that Skylux, STPL, and Puzhakkaraillath are related, plaintiffs must clarify each party's role in the alleged

1  misrepresentations such that they can more clearly respond to

2  plaintiffs' allegations.

3          Defendants argue that representations one, two, and six

4  cannot constitute fraud as a matter of law because they merely

5  recite contractual provisions.  Under California law, however, a

6  promise made without any intention of performance constitutes

7  fraudulent deceit.  Cal. Civ. Code §§ 1709, 1710(4).  A cause of

8  action for fraudulent inducement is valid where the plaintiff

9  pleads that the defendant never intended to honor its contractual

10  promises.  See, e.g., Tom Trading, Inc. v. Better Blue, Inc., No.

11  00-56793, 2002 WL 74447, at *2 (9th Cir. Jan. 18, 2002) (intent

12  to breach, however, does not rise to misrepresentation until

13  breach occurs); Aguilera v. Pirelli Armstrong Tire Corp., 223

14  F.3d 1010, 1017 (9th Cir. 2000) (discussing § 1710(4)); Robinson

15  Helicopter, 34 Cal. 4th at 989-90 (tort of fraudulent inducement

16  to enter contract permissible); Las Palmas Associates v. Las

17  Palmas Ctr. Associates, 235 Cal. App. 3d 1220, 1238-39 (1991)

18  ("[N]o public policy is served by permitting a party who never

19  intended to fulfill his obligations to fraudulently induce

20  another to enter into an agreement. . . . A promise to do

21  something necessarily implies the intention to perform, and,

22  where such an intention is absent, there is an implied

23  misrepresentation of fact, which is actionable fraud.") (internal

24  quotation marks and citations omitted); Harazim v. Lynam, 267

25  Cal. App. 2d 127, 133 (1968).

26          The SAC alleges that defendants' representations were

27  false and were made with the intent to induce plaintiffs to enter

28  the MOU.  It remains unclear, however, whether plaintiffs intend

9

to allege that defendants never intended to honor their
contractual promises when they made the above representations to
plaintiffs.  The court will therefore allow plaintiffs leave to
amend their complaint.

Several deficiencies remain with respect to
representations three, four, and five.  Plaintiffs have not pled
facts showing their reliance on these representations was
reasonable.  Instead, plaintiffs have merely recited the elements
of fraud.  These representations appear to be nothing more than
mere speculation about the future profitability of the call
center, and ordinarily such statements cannot satisfy the first
or fourth elements of fraud.  See Harazim, 267 Cal. App. 2d at
131 (speculation of future profit is not actionable in fraud);
Cal. Civil Code § 1710 (misrepresentation generally must be past
or existing fact).  Furthermore, plaintiffs have not pled facts
to support an inference that these statements were false when
made and that defendants knew they were false.  Rather, the
alleged facts support no more than the inference that the joint
venture was slightly less successful than the parties
anticipated.  (See SAC ¶ 33 (alleging that call center was open
six days a week rather than 24/7 as promised).)  As such, these
representations are insufficient to survive a motion to dismiss.

D.   Skylux, STPL, and Puzhakkaraillath's Motion To
Transfer Venue

Skylux and Puzhakkaraillath joined in Interactive's
motion to transfer venue, and additionally moved to transfer the
entire action even in the event that Interactive's motion to
dismiss and compel arbitration was granted.  (Skylux Mot. To

10

Dismiss 13.)   18 U.S.C. § 1404 permits a district court to transfer a civil action to any other district where it might have been brought for "the convenience of parties and witnesses, [and] in the interest of justice." 18 U.S.C. § 1404(a).   The purpose is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (internal citation omitted).   "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).   The district court must consider both public factors which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. <u>Id.</u>

First, a district court must determine that the action could have been brought in the forum to which transfer is sought. <u>See</u> <u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 414 (9th Cir. 1985).   The court then engages in a multi-factor analysis which may consider: 1) the plaintiff's choice of forum; 2) convenience of the parties; 3) convenience of witnesses; 4) ease of access to the evidence; 5) familiarity of each forum with applicable law; 6) feasability of consolidation with other claims; 7) any local interest in the controversy; and 8) the relative court congestion and time of trial in each forum. <u>See</u> <u>Vu v. Ortho-McNeil Pharm., Inc.</u>, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)

Venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).   Plaintiffs' SAC alleges that

11

Interactive--a company located within the jurisdiction of the
Southern District of Indiana--refused to provide plaintiffs with
the correct licenses for its calling center software after being
contacted by plaintiffs.  (SAC ¶ 22.)  Plaintiff states several
causes of action based on Interactive's alleged failure to
provide the correct software licenses.  It is therefore clear
that this action could have been brought in the Southern District
of Indiana.

Defendants have not, however, met the burden of showing
that transfer to another venue is appropriate.  A substantial
portion of the transactions and actions alleged in the SAC
occurred while Randhawa was a resident of San Joaquin County,
which is within the Eastern District of California.  Plaintiffs'
choice of forum is therefore afforded substantial weight.  <u>See</u>
<u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495 (9th Cir. 2000)
(location where relevant agreements were negotiated and executed
is considered in plaintiff's choice of forum); <u>Lou v. Belzberg</u>,
834 F.2d 730, 739 (9th Cir. 1987) (plaintiff's choice of forum
generally accorded great weight).

Nor do the convenience of the parties and witnesses or
access to evidence weigh in favor of transfer.  The only Indiana
party is Interactive, and the court will grant its motion to
dismiss Randhawa' claims against it and to compel arbitration of
Shannon Callnet's claims against it.  All remaining parties are
located in New York, India, and California; no other party is
located in Indiana.  Sacramento and Indiana appear equally
convenient for the India parties.  Sacramento may be slightly
less convenient for the New York defendants, and Indiana would be

12

less convenient for Randhawa.  With technological advances in document storage and retrieval, transporting documents does not generally create a burden.  <u>Van Slyke v. Capital One Bank</u>, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007).

Although the applicable law for resolving disputes under the MOU has not yet been determined, no party has argued that Indiana law would govern the MOU.  While the Interactive License Agreement is to be interpreted according to Indiana law, the court will order arbitration of Shannon Callnet's claims against Interactive.  In any event, plaintiffs' claims under the License Agreement are overshadowed by plaintiffs' claims under the MOU.  This factor therefore weighs against transfer.

All parties concede the feasibility of consolidation and local interest factors are neutral.  While the Southern District of Indiana is less congested than the Eastern District of California (<u>see</u> Decl. Gregg A. Rapoport Ex. A-B), courts should not transfer a case when the other factors weigh against transfer.  <u>See Costco Wholesale Corp. v. Liberty Mut. Ins. Co.</u>, 472 F. Supp. 2d 1183 (C.D. Cal. 2007).  The court will therefore deny defendants' motion to transfer venue.

IT IS THEREFORE ORDERED that defendant Interactive's motion to dismiss Randhawa's claims against it be, and the same hereby is, GRANTED with prejudice.

IT IS FURTHER ORDERED that defendant Interactive's motion to compel arbitration is GRANTED.

IT IS FURTHER ORDERED that defendant Skylux, STPL, and Puzhakkaraillath's motion to dismiss plaintiffs' third claim for misrepresentation is GRANTED with leave to amend.

1        IT IS FURTHER ORDERED that defendant Skylux, STPL, and

2   Puzhakkaraillath's motion to transfer venue to the Southern

3   District of Indiana is DENIED.

4        Plaintiffs hall have twenty days from the date of this

5   Order to file an amended complaint consistent with this Order.

6   DATED:  March 4, 2010

7

8   _____
    WILLIAM B. SHUBB

9   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14