UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MOHIT RANDHAWA aka HARPAL SINGH; SHANNON CALLNET PVT LTD,

       Plaintiffs,

  v.

SKYLUX INC., INTERACTIVE INTELLIGENCE, INC., MUJEEB PUZHAKKARAILLATH, SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,

       Defendants.

_____/

NO. CIV. 2:09-2304 WBS KJN

MEMORANDUM AND ORDER RE: MOTIONS FOR SANCTIONS, TO STAY, AND TO DISMISS AND RECONSIDERATION OF ORDER COMPELLING ARBITRATION

----oo0oo----

      Plaintiffs Mohit Randhawa aka Harpal Singh ("Randhawa") and Shannon Callnet Pvt. Ltd. ("Shannon Callnet") filed this action against defendants Skylux, Inc. ("Skylux"), Interactive Intelligence, Inc. ("Interactive"), Mujeeb Puzhakkaraillath ("Puzhakkaraillath"), and Skylux Telelink Pvt. Ltd. ("STPL") alleging state law claims arising from contracts for an India-based calling center and software.  Shannon Callnet now moves for

1

1 sanctions against Interactive for failure to submit to

2 arbitration following the court's March 4, 2010 Order compelling

3 arbitration and to stay the action pending arbitration of its

4 claims against Interactive.  (Docket No. 88.)   Interactive moves

5 to dismiss the claims against it in the Fourth Amended Complaint

6 ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for

7 failure to state a claim upon which relief can be granted.

8 (Docket No. 91.)   Skylux, Puzhakkaraillath, and STPL

9 (collectively "Skylux defendants") move to dismiss the claims

10 against them pursuant to Rule 12(b)(3) for improper venue and

11 12(b)(6) for failure to state a claim upon which relief can be

12 granted.  (Docket No. 90.)   The court also reconsiders <u>sua</u> <u>sponte</u>

13 its Order compelling arbitration.

14 I.   <u>Reconsideration of Order Compelling Arbitration</u>

15          Shannon Callnet's motion for sanctions arises from a

16 disagreement over the court's March 4, 2010 Order granting

17 Interactive's motion to compel arbitration pursuant to the

18 Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.  In its Order

19 compelling arbitration, the court did not specify the proper

20 venue for such arbitration.  On September 1, 2010, Interactive

21 requested that Shannon Callnet submit to arbitration in Chicago,

22 Illinois, as specified in the License Agreement ("agreement"),

23 and stated Interactive's intent to petition the Northern District

24 of Illinois to compel arbitration unless Shannon Callnet complied

25 with the request.  (Aboudi Decl. ¶ 2, Ex. A (Docket No. 88).)

26 Shannon Callnet, on the other hand, requested that Interactive

27 submit to arbitration in the Eastern District of California

28 because Interactive successfully moved to compel arbitration in

1  this district.  (Id. ¶ 3, Ex. B.)

2          At the time of entering its Order of March 4, 2010,

3  compelling arbitration, the court was aware that the agreement

4  called for arbitration in Chicago, but the court was unaware that

5  the Ninth Circuit has interpreted 9 U.S.C. § 4 as limiting courts

6  to ordering arbitration within the court's district.  Cont'l

7  Grain Co. v. Dant & Russell, 118 F.2d 967, 968-69 (9th Cir.

8  1941); see also Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1271

9  n.1 (9th Cir. 2002) (expressing no view as to whether the

10 district court properly compelled arbitration outside of its

11 district because the issue was not raised and comparing the Ninth

12 Circuit position in Continental Grain with a Fifth Circuit

13 holding in Dupuy-Busching General Agency v. Ambassador Insurance

14 Company, 524 F.2d 1275, 1276-78 (5th Cir. 1975)); Ansari v. Qwest

15 Commc'ns Corp., 414 F.3d 1214, 1218-19 (10th Cir. 2005)

16 (discussing the split among circuits).

17         In their briefing on the motion to compel arbitration,

18 neither party cited to Continental Grain or its progeny, nor did

19 they bring to the court's attention the fact that under Ninth

20 Circuit law it lacked the authority to enforce an agreement to

21 arbitrate outside the state of California.  Admittedly, it would

22 have been simple for the court through its own independent

23 research to discover the Continental Grain doctrine, and the

24 court was remiss in not doing so.  Had the court been aware of

25 the doctrine, it would not have entered its Order.

26         In ordering arbitration, it was the court's intention

27 to enforce the agreement of the parties.  The parties did not

28 simply agree to arbitrate; they agreed to arbitrate in Chicago.

3

1  The agreed upon forum is not severable from the agreement to

2  arbitrate.  Each is just as much a part of the agreement as the

3  other.  The court will not order the parties to arbitrate in

4  Chicago, because it lacks the power to do so.  And the court will

5  not order arbitration in California, because that would be

6  inconsistent with the very agreement the court was trying to

7  enforce.[1]

8          A court may reconsider its own prior order provided

9  that it has not been divested of jurisdiction over it.  United

10 States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004).  Of course,

11 it does not look good for the court to sua sponte reverse its

12 earlier decision because of its own mistake.  However, as Chief

13 Judge Chambers once so eloquently stated, "In reversing my

14 position, there is no way I can make myself 'look good.'  But my

15 commission says I was appointed during good behavior.  It says

16 nothing about being appointed to 'look good.'"  Burge v. United

17 States, 342 F.2d 408, 415 (9th Cir. 1965) (Chambers, J.,

18 concurring).

19         Accordingly, upon reconsideration, the court will set

20 aside its previous order and deny Interactive's motion to compel

21 arbitration.  The court will thus deny Shannon Callnet's motion

22

23        [1]    The court recognizes that other courts in this circuit
   have ordered arbitration in their districts despite
24 contractually-designated venues.  See, e.g., Bencharsky v.
   Cottman Transmission Sys., LLC, 625 F. Supp. 2d 872, 883-84 (N.D.
25 Cal. 2008); Sullivan v. Gen. Steel Domestic Sales, No.
   3:07-CV-00604, 2008 WL 2414045, at *5-6 (D. Nev. June 11, 2008);
26 Veliz v. Cintas Corp., No. 03-01180, 2005 WL 1048699, at *6-7
   (N.D. Cal. May 4, 2005); Homestake Lead Co. of Mo. v. Doe Run
27 Res. Corp., 282 F. Supp. 2d 1131, 1143-44 (N.D. Cal. 2003).  For
   the reasons stated, however, the court declines to so order in
28 this case.

4

1  for sanctions as moot.

2  II.   Stay or Dismissal

3          The FAA prescribes that when an issue referable to

4  arbitration is brought before the court, the court "shall on

5  application of one of the parties stay the trial of the action

6  until such arbitration has been had in accordance with the terms

7  of the agreement, providing the applicant for the stay is not in

8  default in proceeding with such arbitration."   9 U.S.C. § 3.

9  This is so, even when the court lacks the power to compel

10 arbitration; it is the existence of the agreement to arbitrate

11 which requires the court to stay proceedings until arbitration

12 has been completed.

13          In the Ninth Circuit, however, § 3 is not mandatory

14 and, alternatively, district courts may order dismissal "when all

15 claims are barred by an arbitration clause."   Sparling v. Hoffman

16 Const. Co., 864 F.2d 635, 638 (9th Cir. 1988); see also Choice

17 Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707,

18 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3,

19 however, dismissal is a proper remedy when all of the issues

20 presented in a lawsuit are arbitrable."); Green v. Ameritech

21 Corp., 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of

22 authority clearly supports dismissal of the case when *all* of the

23 issues raised in the district court must be submitted to

24 arbitration." (emphasis in original)); Alford v. Dean Witter

25 Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that

26 § 3 "was not intended to limit dismissal of a case in the proper

27 circumstances").   But see Precision Press, Inc. v. MLP U.S.A.,

28 Inc., 620 F. Supp. 2d 981, 995 (N.D. Iowa 2009) (discussing the

1  split among circuits and collecting cases).

2          Dismissal is discretionary, and Interactive has

3  provided no persuasive reason for the court to dismiss instead of

4  stay the claims against it.[2]  To the contrary, in light of the

5  parties' dispute over the place of arbitration in this case, it

6  is not entirely clear that the arbitration will ever be had.

7  Under the circumstances, the court would rather keep jurisdiction

8  over the case than dismiss it on the assumption that the dispute

9  will go away.  Accordingly, the court will grant Shannon

10  Callnet's motion to stay the claims against Interactive and deny

11  Interactive's motion to dismiss.

12          In addition to seeking a stay of the claims against

13  Interactive under the FAA, Shannon Callnet has moved to stay the

14  entire action.  The Skylux defendants did not file an opposition

15  or statement of non-opposition to Shannon Callnet's motion and

16  did not address the issue at the hearing.  Interactive has not

17  stated a position as to staying the claims against the other

18  defendants.

19

---

20          [2]   Interactive makes a passing argument that Shannon
Callnet's failure to commence arbitration in the seven months
21  following the Court's Order constitutes default in proceeding
with the arbitration: "Shannon Callnet has failed to commence
22  arbitration for over 7 months and therefore is clearly in default
in proceeding with arbitration."  (Interactive's Opp'n Mem. 2:28-
23  3:1-2.)  Finding that Shannon Callnet is in statutory default
would preclude it from obtaining a stay pending arbitration
24  pursuant to 9 U.S.C. § 3 or an order compelling arbitration
pursuant to 9 U.S.C. § 4.  Sink v. Aden Enterprises, Inc., 352
25  F.3d 1197, 1201 (9th Cir. 2003).  Considering that the Order did
not specify the proper venue and that the court now denies the
26  motion to compel arbitration, the court will not find statutory
default based on the failure to commence arbitration following
27  the Order.  Nonetheless, the court may later vacate the initial
stay if a party is found to be in default in proceeding with the
28  arbitration.  Id. at 1199.

1        When an action includes arbitrable and non-arbitrable

2   claims, a district court has discretion to stay or proceed with

3   the non-arbitrable claims.  <u>Moses H. Cone Mem'l Hosp. v. Mercury</u>

4   <u>Constr. Corp.</u>, 460 U.S. 1, 21 n.23 (1983); <u>U.S. for the Use &</u>

5   <u>Benefit of Newton v. Neumann Caribbean Int'l, Ltd.</u>, 750 F.2d

6   1422, 1426-27 (9th Cir. 1985).  "In deciding whether to stay

7   non-arbitrable claims, a court considers economy and efficiency,

8   the similarity of the issues of law and fact to those that will

9   be considered during arbitration, and the potential for

10  inconsistent findings absent a stay."  <u>Wolf v. Langemeier</u>, No.

11  2:09-CV-03086 GEB EFB, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24,

12  2010) (internal quotation marks omitted).

13       Randhawa's and Shannon Callnet's eight claims against

14  all four defendants largely arise from the alleged inadequacy of

15  the Interactive software and licenses that STPL bought for the

16  calling center.  (FAC ¶¶ 18-19, 22 (Docket No. 86).)  The FAC

17  also alleges that STPL was an agent for Interactive in resale and

18  vending.  (<u>Id.</u> ¶ 21.)  The arbitrable claims against Interactive

19  and non-arbitrable claims against the Skylux defendants

20  sufficiently overlap in law and fact to suggest that the rest of

21  the claims should be stayed.  To the extent arbitration

22  proceedings may find Interactive liable for the Unfair

23  Competition Law claim based on an STPL-agency theory (<u>id.</u> ¶¶ 54,

24  56), proceeding with the claims runs the risk of inconsistent

25  findings.  Accordingly, the court will grant Shannon's Callnet's

26  motion to stay the claims against the Skylux defendants and thus

27  deny the Skylux defendants' motion to dismiss.

28       IT IS THEREFORE ORDERED that:

7

1          (1) Upon reconsideration <u>sua</u> <u>sponte</u>, Interactive's

2     motion to compel arbitration be, and the same hereby is, DENIED;

3          (2) Shannon Callnet's motion for sanctions against

4     Interactive be, and the same hereby is, DENIED;

5          (3) Shannon Callnet's motion to stay the action be, and

6     the same hereby is, GRANTED;

7          (4) The motions of Interactive, Skylux,

8     Puzhakkaraillath, and STPL to dismiss the claims against them be,

9     and the same hereby are, DENIED;

10          (5) Upon completion of or default in proceeding with

11     the arbitration, Shannon Callnet and Interactive will inform the

12     court and file appropriate documents for the completion or

13     continuation of this action; and

14          (6) This case is set for Status Conference at 2 p.m.,

15     on March 28, 2011.  No later than two weeks before the

16     conference, the parties shall file a joint status report setting

17     forth the status of the arbitration, if any, and suggesting a

18     schedule for further proceedings in this court.

19     DATED:   October 15, 2010

20

21     _____

WILLIAM B. SHUBB

22     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

8