UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MOHIT RANDHAWA aka HARPAL SINGH; SHANNON CALLNET PVT LTD,<br><br>      Plaintiffs,<br><br>   v.<br><br>SKYLUX INC., INTERACTIVE INTELLIGENCE, INC., MUJEEB PUZHAKKARAILLATH, SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:09-2304 WBS KJN<br><br><u>ORDER RE: STATUS CONFERENCE AND MOTION TO VACATE STAY AND TO DISMISS</u> |

----oo0oo----

        Plaintiffs Mohit Randhawa aka Harpal Singh and Shannon Callnet Pvt. Ltd. ("Shannon Callnet") filed this action against defendants Interactive Intelligence, Inc. ("Interactive"), Skylux, Inc., Mujeeb Puzhakkaraillath, and Skylux Telelink Pvt. Ltd. (the latter three collectively "Skylux defendants"), alleging state law claims arising from contracts for an India-based calling center and software.  On October 18, 2010, the

1

court stayed all claims against Interactive, which are subject to arbitration, and all claims against the Skylux defendants, which are <u>not</u> subject to arbitration. (Docket No. 102.) On March 28, 2011, the court held a Status Conference for Shannon Callnet and Interactive to inform the court of the status of arbitration between them and to suggest a schedule for further proceedings in this court. The court also heard Interactive's motion to vacate the stay and to dismiss the claims against it. (Docket No. 103.)

On February 28, 2011, Interactive filed its motion to vacate the stay and to dismiss the claims against it, which is based in part on Shannon Callnet's failure to commence arbitration. (Notice of Mot. by Interactive to Vacate Stay & Dismiss All Claims Against It in FAC; Mem. of P. & A. in Supp. Thereof at 8:24-9:2 (Docket No. 103).) However, the Joint Status Report (Docket No. 108), filed on March 14, 2011, informs the court that Shannon Callnet commenced arbitration in Chicago, Illinois, that day. (<u>Id.</u> at 2:7-8.) Shannon Callnet requests that the court continue to stay the entire litigation pending resolution of the arbitration with Interactive. (<u>Id.</u> at 2:13-14.)

In the Joint Status Report, Interactive acknowledges that arbitration has begun, but argues that the court should still grant its motion to vacate the stay and to dismiss the claims against it:

> [I]nteractive maintains that this event makes dismissal of the claims against Interactive without prejudice even more appropriate. The Federal Arbitration Act provides that judgment on the arbitration award and any action to modify or correct the award must be made by "the United States court in and for the district within which such award was made." FAA §§ 9 and 11. Thus, any issues

2

relating to the arbitration must be determined by the Northern District of Illinois, and not this Court.

(Id. at 2:23-28.)

However, in Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193, 204 (2000), the Supreme Court held that the venue statutes in sections 9 through 11 of the Federal Arbitration Act, 9 U.S.C. §§ 9-11 (governing confirming, vacating, and modifying arbitration awards), are permissive, not mandatory.  Moreover, the Supreme Court had "previously held that the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award."  Cortez Byrd Chips, 529 U.S. at 202 (citing Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 275-276 (1932)).  In its reply, Interactive corrects its misstatement of law in the Joint Status Report and acknowledges that the venue statutes are not mandatory.  (Reply Mem. Supp. Interactive's Mot. to Dismiss at 6:14-18, 6 n.4 (Docket No. 110).)

In the Joint Status Report and in its motion, Interactive essentially renews its request from its original motion to dismiss and opposition to Shannon Callnet's motion to stay in October of 2010 (Docket Nos. 91, 93) that instead of staying the claims against it pursuant to 9 U.S.C. § 3 (requiring stay upon application of a party not in default in proceeding with arbitration) the court dismiss the claims against Interactive in light of the Ninth Circuit's interpretation of § 3.  See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988) (explaining that district courts may order dismissal "when all claims are barred by an arbitration clause").  But see

3

1 | Precision Press, Inc. v. MLP U.S.A., Inc., 620 F. Supp. 2d 981,
2 | 995 (N.D. Iowa 2009) (discussing split among circuits).
3 |             Section 3's plain language requires a stay upon
4 | application of a non-defaulting party.  The Ninth Circuit
5 | permits, but does not require, dismissal when all claims are
6 | barred by the arbitration clause.  See, e.g., Am. Forest
7 | Holdings, LLC v. Bank of Am., NA, No. CV-10-3044, 2011 WL 320911,
8 | at *2 (E.D. Wash. Jan. 28, 2011) (staying, not dismissing,
9 | claims); Taleb v. AutoNation USA Corp., No. CV06-02013, 2006 WL
10 | 3716922, at *7 (D. Ariz. Nov. 13, 2006) (same).  In light of the
11 | plain language of § 3, the parties' seeming unwillingness to
12 | arbitrate until recently, and the fact that the claims against
13 | the Skylux defendants are not arbitrable, the court will maintain
14 | the stay of the claims against Interactive, which are subject to
15 | arbitration, and retain jurisdiction.
16 |             IT IS THEREFORE ORDERED that:
17 |             (1) Interactive's motion to vacate the stay and to
18 | dismiss the claims against it be, and the same hereby is, DENIED;
19 |             (2) Upon completion of or default in proceeding with
20 | the arbitration, Shannon Callnet and Interactive will inform the
21 | court and file appropriate documents for the completion or
22 | continuation of this action;
23 |             (3) This case is set for a Status Conference at 2:00
24 | p.m. on June 27, 2011, in Courtroom No. 5.  No later than two
25 | weeks before the conference, the parties shall file a joint
26 | ///
27 | ///
28 | ///

status report setting forth the status of the arbitration and suggesting a schedule for further proceedings in this court.

DATED:  March 25, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE