UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MOHIT RANDHAWA aka HARPAL SINGH; SHANNON CALLNET PVT LTD,<br><br>           Plaintiffs,<br><br>    v.<br><br>SKYLUX INC., INTERACTIVE INTELLIGENCE, INC., MUJEEB PUZHAKKARAILLATH, SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,<br><br>           Defendants.<br>_____/ | NO. CIV. 2:09-2304 WBS KJN<br><br><u>ORDER RE: MOTION TO VACATE STAY, CONFIRM ARBITRATION AWARD, AND ENTER FINAL JUDGMENT</u> |

----oo0oo----

Plaintiffs Mohit Randhawa aka Harpal Singh and Shannon Callnet Pvt. Ltd. ("Shannon Callnet") filed this action against defendants Interactive Intelligence, Inc. ("Interactive"), Skylux, Inc., Mujeeb Puzhakkaraillath, and Skylux Telelink Pvt. Ltd. (the latter three collectively "Skylux defendants"), alleging state law claims arising from contracts for software and an India-based calling center.  Only Shannon Callnet has claims

1

against Interactive, and the court previously found that those claims were subject to arbitration. (Docket Nos. 88, 102.) On October 18, 2010, the court stayed all claims against Interactive because they were subject to arbitration and all claims against the Skylux defendants even though those claims were not subject to arbitration. (Docket No. 102.)

In March 2011, Shannon Callnet commenced arbitration, (Docket No. 112 at 2:14-17), and the arbitrator issued a decision on March 5, 2012. In his decision, the arbitrator found in favor of Interactive on all of Shannon Callnet's claims against it and determined that Shannon Callnet was responsible for the costs of the arbitration, including the $1,1000.00 in fees Interactive had already paid. (Lindman Decl. Ex. A (Docket No. 124-2).) Interactive now moves for an order vacating the stay of this case, confirming the arbitration award issued on March 5, 2012, and entering judgment in favor of Interactive on all claims by Shannon Callnet. Neither Shannon Callnet nor the remaining defendants oppose Interactive's motion.

Pursuant to the Federal Arbitration Act,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9. U.S.C. § 9. Here, the licensing agreement between the parties provides that "[j]udgment upon the arbitral award may be entered into any court that has jurisdiction thereof." (Lindman Decl. Ex. D, Art. 8.10.4 (Docket No. 124-1).) The Supreme Court has

2

held that "the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award." Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 202 (2000). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) and 9 U.S.C. § 9). The court will therefore grant Interactive's unopposed motion to confirm the arbitrator's award and enter judgment in its favor.

IT IS THEREFORE ORDERED THAT:

(1) The Clerk of the Court is instructed to reopen this case and lift the stay;

(2) The arbitrator's March 5, 2012 "Opinion and Award," (Docket No. 124-2), is confirmed and the Clerk of the Court is instructed to enter judgment in favor of defendant Interactive Intelligence, Inc. on all claims against it by plaintiff Shannon Callnet Pvt. Ltd.;

(3) Interactive shall file a Bill of Costs pursuant to Eastern District Local Rule 292 for all costs it is seeking, including the $1,100.00 in fees paid to the arbitrator; and

(4) This case is set for a Status Conference at 2:00 p.m. on September 4, 2012, in Courtroom No. 5, to address the remaining claims against the Skylux defendants. The remaining parties shall file a joint status report suggesting a schedule for further proceedings no later than August 20, 2012.

1  DATED: August 3, 2012

```
                    /s/ William B. Shubb
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE
```