UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MOHIT RANDHAWA aka HARPAL SINGH; SHANNON CALLNET PVT LTD,

        Plaintiffs,

   v.

SKYLUX INC., INTERACTIVE INTELLIGENCE, INC., MUJEEB PUZHAKKARAILLATH, SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,

        Defendants.
/

NO. CIV. 2:09-2304 WBS KJN

ORDER RE: COSTS

----oo0oo----

After plaintiff Shannon Callnet Pvt. Ltd. ("Shannon Callnet") and defendant Interactive Intelligence, Inc. ("Interactive") engaged in mandatory arbitration and the arbitrator found in favor of Interactive, the court entered judgment in favor of Interactive. (Docket Nos. 131, 132.) Interactive submitted a cost bill on August 17, 2012, and Shannon Callnet did not file any objections to the bill of costs within

1

1 the time provided for in Eastern District Local Rule 292(c).

2 Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

12 The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also E.D. Local R. 292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

25 Here, Interactive requests costs of $175.00 for half of

the filing fee incurred to remove this action.[1]  In light of the documentation Interactive submitted and the fact that Shannon Callnet has not objected, the court finds these costs to be reasonable.  Accordingly, costs of **$175.00** are taxed against Shannon Callnet in favor of Interactive.

IT IS SO ORDERED.

DATED: August 31, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Interactive's cost bill requests a total of $1,275.00, but $1,100.00 of that amount is based on the fees and expenses incurred in arbitration.  The court will address this request in a separate order.

3