UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MOHIT RANDHAWA aka HARPAL SINGH, and SHANNON CALLNET PVT LTD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SKYLUX INC.; INTERACTIVE INTELLIGENCE, INC.; MUJEEB PUZHAKKARAILLATH; SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 2:09-CV-02304 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

　　　　This matter is again before the court on defendants' Skylux, STPL, and Puzhakkaraillath (together, "defendants") motion to dismiss plaintiffs' claims against them in the Fourth Amended Complaint pursuant to Rule of Civil Procedure 12(b)(6) and Rule 12(b)(3).

　　　　Shannon Callnet's causes of action in the Fourth Amended Complaint for breach of contract, breach of implied

1

covenant of good faith and fair dealing, and breach of express warranty, are all based on the MOU. The MOU is signed by an agent of Randhawa. (Id. Ex. A.) Thus, only Randhawa has standing to bring the claim unless Shannon Callnet alleges facts sufficient to support another theory that would allow it to sue under the MOU. See Berclain Am. Latina v. Baan Co., 74 Cal. App. 4th 401, 405 (1st Dist. 1999) (breach of contract claims "generally require[] the party to be a signatory to the contract, or to be an intended third party beneficiary").

In their opposition brief, plaintiffs fail to argue any theory that would give Shannon Callnet a right to sue under the MOU. Instead, Shannon Callnet argues that it made an "inadvertent mistake" and that "[p]laintiff Randhawa is indeed the correct party to bring contractual causes of action against STPL, since it was Randhawa who executed the MOU." (Pl.'s Opp. to Mot. to Dismiss Fourth AC (Docket No. 145) at 4.) Since plaintiffs voluntarily concede that Shannon Callnet does not have standing to assert its contractual claims, the first, second, and third causes of action will be dismissed.

In its fourth cause of action, Shannon Callnet alleges a breach of implied warranty through the purchase of software from STPL.[1] Here, while Shannon Callnet does not address implied warranty at all in its opposition brief, its allegations are sufficient to state a valid claim upon which relief can be granted. The plaintiffs allege that STPL was hired to set up the

---

[1] Unlike the cause of action for express warranty, no standing issues arise in this claim because Shannon Callnet's implied warranty claim is based on an alleged purchase of software, not on the express terms of the MOU.

call center, which included "obtaining all required licenses" and providing the software. (Fourth AC Ex. A.) Callnet was relying upon STPL's expertise in choosing that software, STPL had reason to know of this reliance, and yet the "system crashed." (Id. ¶¶ 38-44.)

Defendants argue that Shannon Callnet cannot assert a claim for implied warranty because the claim is barred by a disclaimer in a license agreement between Shannon Callnet and Interactive. Defendants request that the court judicially notice a provision of the license agreement because the court previously interpreted it in an order regarding motions to dismiss, to compel arbitration, and to transfer venue. (Order Re: Mot. to Compel Arbitration (Docket No. 61) at 3-6.)

In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Here, the license agreement was submitted by Interactive in a previous motion to compel arbitration. Since the defendants wish to rely on the substance of the license agreement, not merely its existence, the court declines to take judicial notice of it. See Garcia v. Almieda, Civ. No. 03-06658 LJO SMS, 2007 WL 2758040, at *9 (holding that "the assertions set

3

forth in the [previously filed motion for reconsideration], <u>along with supporting exhibits</u>, are inappropriate for judicial notice as being subject to dispute" (emphasis added)).  The court will therefore not take judicial notice of the license agreement.

In plaintiffs' fifth cause of action, both Randhawa and Shannon Callnet allege that STPL violated California's Unfair Competition Law ("UCL").

California Business and Professions Code Section 17200 et seq. prohibits unfair competition, which is defined to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Each prong of the UCL is a separate and distinct theory of liability . . . ." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1127 (9th Cir. 2009) (citing <u>South Bay Chevrolet v. Gen. Motors Acceptance Corp.</u>, 72 Cal. App. 4th 861, 886 (4th Dist. 1999)).

Plaintiffs do not clearly state which prong of the UCL they are relying upon.  They simply allege that defendants were engaged in "unfair practices,"  (Fourth AC ¶ 47), while also alleging that defendants "induced" and "defraud[ed]" them, (Fourth AC ¶¶ 47, 49).  The court has further difficulty discerning what prong to proceed under because neither party cites, nor can this court find, any UCL cause of action that resembles the facts before the court.  The motion to dismiss plaintiffs' UCL claims will accordingly be granted.

In plaintiffs' seventh[2] cause of action, both

---

[2] The sixth and eighth causes of action are against Interactive and are not addressed in this motion to dismiss. Judgment in those claims was entered pursuant to an arbitration

4

1  plaintiffs allege that STPL was unjustly enriched through its
2  actions.  "There is no cause of action in California for unjust
3  enrichment."  <u>Melchiro v. New Line Prods., Inc.</u>, 106 Cal. App.
4  4th 779, 793 (2d Dist. 2003).  Unjust enrichment is instead a
5  "general principle, underlying various legal doctrines and
6  remedies" and is "synonymous with restitution."  <u>McBride v.
7  Boughton</u>, 123 Cal. App. 4th 379, 387 (1st Dist. 2004).
8  Plaintiffs neither explain the theory nor the facts that would
9  give rise to a restitution cause of action.  <u>See</u> <u>Rosal v. First
10 Fed. Bank of Cal.</u>, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009)
11 (dismissing an unjust enrichment claim where "plaintiff fail[ed]
12 to adequately explain the theory on which his unjust enrichment
13 claim [was] based" and relied on conclusory allegations).
14 Therefore, the court will dismiss plaintiffs' seventh cause of
15 action.[3]

16        Plaintiffs have now been permitted to amend their
17 complaint three times.  The court cannot permit them to amend
18 indefinitely.  While leave to amend must be freely given, the
19 court is not required to permit futile amendments.  <u>See</u> <u>DeSoto v.
20 Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992);
21 <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir.
22 1990); <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738
23 (9th Cir. 1987); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

---

proceeding between Interactive and the plaintiffs.  (Docket No. 131.)

[3] Defendants attempt to revive their argument, addressed in the court's prior order, that the court should enforce the forum selection clause of the MOU and dismiss plaintiffs' claims for lack of venue. Defendants do not present any new facts to cause the court to change its previous order.

5

1 | Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).

2 |      The court will permit plaintiffs to amend their complaint one more final time. If their Fifth Amended Complaint is still deficient, the court will have to assume plaintiffs can do no better, and any order dismissing that complaint or any of the claims in it will be without leave to amend.

     IT IS THEREFORE ORDERED that:

     (1) Defendants' motion to dismiss for failure to state a claim be, and the same hereby is, GRANTED as to the first, second, third, fifth, and seventh causes of action;

     (2) Defendants' motion to dismiss for failure to state a claim be, and the same hereby is, DENIED as to the fourth cause of action;

     (3) Defendants' motion to dismiss for improper venue be, and the same hereby is, DENIED.

     Plaintiffs have fourteen days from the date of this Order to file an amended complaint if they can do so consistent with this Order.

DATED: October 24, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE