UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MOHIT RANDHAWA aka HARPAL SINGH, and SHANNON CALLNET PVT LTD,<br><br>      Plaintiffs,<br><br>   v.<br><br>SKYLUX INC.; INTERACTIVE INTELLIGENCE, INC.; MUJEEB PUZHAKKARAILLATH; SKYLUX TELELINK PVT LTD; and DOES 1 through 20, inclusive,<br><br>      Defendants. | NO. CIV. 2:09-02304 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

This matter is again before the court on Skylux, STPL, and Puzhakkaraillath's (together, "defendants") motion to dismiss plaintiffs' claims against them in the Sixth Amended Complaint ("Sixth AC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

In the court's October 26, 2012 Order ("Order"), the court dismissed all of plaintiffs' claims except Shannon

1

1  Callnet's fourth claim for breach of implied warranty.  (Oct. 26,
2  2012 Order ("Order") (Docket No. 148).)  After the Order,
3  plaintiffs filed their Sixth AC[1] alleging: 1) breach of contract;
4  2) breach of duty of good faith and fair dealing; 3) breach of
5  express warranty; 4) breach of implied warranty; and 5) unfair
6  business practices under California Business and Professions Code
7  section 17200 et seq.  (Id.)  Defendants now move to dismiss
8  plaintiffs' first, second, third, and fifth claims for failure to
9  state a claim under Rule 12(b)(6).

## II.  Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v.

---

[1] Plaintiffs first filed their Fifth Amended Complaint, but included claims against another defendant, Interactive, which had already been dismissed as subject to arbitration.  (Docket No. 150.)  The parties stipulated to the filing of an amended complaint, and the court granted permission to file the Sixth AC. (Docket No. 151.)

2

1  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322
2  (1972).
3         A.   Breach of Contract, Breach of Implied Covenant of
4              Good Faith and Fair Dealing, and Breach of Express
5              Warranty
6         In its Fourth Amended Complaint, Shannon Callnet
7  previously attempted to the bring claims for breach of contract,
8  breach of implied covenant of good faith and fair dealing, and
9  breach of express warranty against defendants.  The court
10 dismissed the claims for lack of standing because plaintiffs
11 conceded that "plaintiff Randhawa is indeed the correct party to
12 bring contractual causes of action against STPL, since it was
13 Randhawa who executed the MOU."  (Order at 2 (quoting Pl.'s Opp.
14 to Mot. to Dismiss Fourth AC at 4 (Docket No. 145)).)  The court
15 noted that, because Randhawa signed the MOU, "only Randhawa has
16 standing to bring the claim unless Shannon Callnet alleges facts
17 sufficient to support another theory that would allow it to sue
18 under the MOU."  (Order at 2 (citing Berclain v. Am. Latina v.
19 Baan Co., 74 Cal. App. 4th 401, 405 (1st Dist. 1999) (breach of
20 contract claims "generally require[] the party to be a signatory
21 to the contract, or to be an intended third party
22 beneficiary")).)
23        In the Sixth AC, Randhawa brings the contractual claims
24 against defendants.  Defendants now argue that Randhawa lacks
25 prudential standing in federal court because the harms alleged in
26 the Sixth AC are harms suffered principally by Shannon Callnet.
27 See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd., 493 U.S.
28 331, 336 (1990) (noting that shareholders are generally

3

prohibited from "initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment").

In response, plaintiffs assert, for the first time, that Randhawa's contract claims are not based on the MOU, but on some subsequent agreement between the parties.  They argue that defendants' reliance on the terms of the MOU in arguing that Shannon Callnet, and not Randhawa, suffered injury "is both in one sense inappropriate and in any event incomplete," because "the text of the MOU was not presented to plaintiff Randhawa until later, and hence there is no assurance that all of its express terms actually memorialized the agreement."  (Pls.' Opp'n at 9 (Docket No. 158).)  Plaintiffs now assert that, because the MOU is "merely" a memorandum of understanding, it "is not the agreement but a precursor to the agreement" that was actually entered into by the parties, and that "the MOU is deficient in conveying a full or accurate memorialization of what plaintiff Randhawa and STPL agreed to."  (Id. at 10.)  According to plaintiffs, "it will apparently have to be up to the parties at the time of trial hereon to convince the trier of fact as to what were and what were not the actual terms of the agreement on which the parties reached a meeting of the minds."  (Id.)  At oral argument, plaintiffs again reiterated that the MOU was just a "precursor" to the actual agreement entered into by the parties.

Nowhere in the Sixth AC do plaintiffs allege facts indicating that any "agreement" outside the MOU was entered into at all, let alone the terms of such an agreement.  See Kaui Scuba

4

Ctr., Inc. v. PADI Ams., Inc., Civ. No. 10-1579 DOC MANx, 2011 WL 2711177, at *5 (C.D. Cal. July 13, 2011) (rejecting contract alleged to be "partly oral and partly written" when the complaint failed to allege the substance of the contract's relevant terms); N. Cnty. Comms. Corp. v. Verizon Global Networks, Inc., 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (noting that a plaintiff alleging a breach of contract "must plead . . . the contract either 'by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect,'" and that "in order to plead a contract by its legal effect, [a plaintiff] must allege the substance of its relevant terms" (quoting McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2d Dist. 2006))). At oral argument, when asked to point to an allegation in the complaint that provided the relevant terms of the contract, plaintiffs could not do so.

Thus, even if Randhawa has prudential standing to assert contract claims under the MOU, because plaintiffs fail to allege the substance of the agreement that forms the basis for their first, second, and third claims, the court will dismiss those claims.

B. Unfair Competition Claims

California Business and Professions Code § 17200 et seq. prohibits unfair competition, which is defined to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability . . . ." Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (citing S.

5

Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861, 886 (4th Dist. 1999)).

In the October 26, 2012 Order, the court noted that "plaintiffs do not clearly state which prong of the UCL they are relying upon," and that the court "had further difficulty discerning what prong to proceed under because neither party cites, nor can this court find, any UCL cause of action that resembles the facts before the court." (Order at 4.) In the Sixth AC, plaintiffs now allege that defendants engaged in "deceptive" business practices, (Sixth AC ¶¶ 46, 48-49), and argue in their opposition brief that their UCL claims fall under the fraudulent prong of the UCL, (Pls.' Opp'n at 3).

"To state a cause of action for violation of the UCL under the 'fraudulent' prong, the plaintiff must show that members of the public are likely to be deceived." In re Ins. Installment Fee Cases, --- Cal. Rptr. 3d ----, 2012 WL 6214302, at *10 (Cal. Ct. App. 4th Dist. Dec. 13, 2012); see Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) (noting that under the UCL and CLRA, "Appellants must show that members of the public are likely to be deceived" (internal quotation marks omitted)).

In federal court, Rule 9(b)'s heightened pleading standard applies to UCL claims based on fraud. Kearns, 567 F.3d at 1125 (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-05 (9th Cir. 2003)). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The claimant must show the "who, what, when, where, and how" of the alleged

misrepresentation and "must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106.

In support of their claim, Shannon Callnet and Randhawa point to general allegations that Puzzhakarailth and STPL unilaterally inserted a forum selection clause into the MOU and did not provide Randhawa with a copy of the MOU after its terms were negotiated, (Sixth AC ¶¶ 10, 12), that Shannon Callent employed an agent of STPL who willfully damaged software in order for STPL to gain repair and consultation fees, (id. ¶ 16,), and that STPL failed to disclose the existence of a licensing agreement for the Interactive software, (id. ¶ 20).

The court fails to see how plaintiffs' allegations--which consist of failure to disclose terms during contract negotiations and commercial sabotage--satisfy the requirement that members of the public are likely to be deceived. See Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc., 178 F. Supp. 2d 1099, 1121 (N.D. Cal. 2001) (noting that it should "be necessary under the 'fraudulent' prong to show deception to some members of the public, or harm to the public interest, and not merely to the direct competitor or other non-consumer party to a contract"); Cabo Brands, Inc. v. MAS Beverages, Inc., Civ. No. 8:11-1911 ODW ANx, 2012 WL 2054923, at *5 (C.D. Cal. June 5, 2012) ("In this private contract dispute, the Court cannot fathom how [the defendant] will deceive members of the public.").

Even assuming, however, that Randhawa is a member of the public, plaintiffs' allegations fail to state with particularity the alleged misrepresentations, why those misrepresentations were fraudulent, or the circumstances

7

surrounding the misrepresentations. See Kearns, 567 F.3d at 1125-27 (dismissing UCL claim based on false advertising and nondisclosure where the allegations did not "specify what the television advertisement or other sales material specifically stated," and allegations of nondisclosure were "couched in general pleadings"); Vess, 317 F.3d at 1106 (rejecting a UCL claim where plaintiff did not adequately specify which testing data, publications, and other information were fraudulent).

Plaintiffs therefore fail to state a cognizable claim under the "fraudulent" prong of the UCL and the court will grand defendants' motion to dismiss that claim.

In the October 26, 2012 Order, the court warned plaintiffs that if their next complaint was "still deficient, the court will have to assume plaintiffs can do no better, and any order dismissing that complaint or any of the claims in it will be without leave to amend." (Order at 6.)  The court, therefore, will dismiss plaintiffs' first, second, third, and fifth claims with prejudice and without leave to amend because further amendment would be futile. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).

IT IS THEREFORE ORDERED that defendants' motion to dismiss for failure to state a claim be, and the same hereby is, GRANTED as to plaintiffs' first, second, third, and fifth claims;

AND IT IS FURTHER ORDERED that the first, second,

third, and fifth claims of plaintiffs' Sixth Amended Complaint be, and the same hereby are, DISMISSED WITH PREJUDICE.

DATED:    January 15, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE