1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9                          ----oo0oo----

10

11  MOHIT RANDHAWA aka HARPAL          NO. CIV. 2:09-02304 WBS DAD
    SINGH, and SHANNON CALLNET PVT
12  LTD,

13           Plaintiffs,             MEMORANDUM AND ORDER RE:
                                     MOTION TO DISMISS AND PROPOSED
14      v.                           ORDER FOR FINAL JUDGMENT

15  SKYLUX INC.; INTERACTIVE
    INTELLIGENCE, INC.; MUJEEB
16  PUZHAKKARAILLATH; SKYLUX
    TELELINK PVT LTD; and DOES 1
17  through 20, inclusive,

18           Defendants.

19  _____

20                         ----oo0oo----

21           This matter is again before the court on defendant

22  Skylux Telelink PVT, LTD's ("STPL") motion to dismiss plaintiff

23  Shannon Callnet's single remaining claim against it in the Sixth

24  Amended Complaint ("Sixth AC") pursuant to Federal Rule of Civil

25  Procedure 12(b)(2) for lack of personal jurisdiction.  Defendants

26  Mujeeb Puzhakkaraillath ("Puzhakkaraillath") and Skylux, Inc.

27  ("Skylux") have also filed a Proposed Order for Final Judgment

28  seeking final judgment in their favor after the court dismissed

                                  1

the sole claim against them in the Sixth AC, (January 16, 2013 Order (Docket No. 161)).  (Docket No. 162.)

I.   Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiffs' general allegations have been set out in previous orders, including the October 26, 2012 Order, (Docket No. 148), and will not be repeated here.  After the court dismissed the majority of plaintiffs' claims in the Sixth AC, (January 16, 2012 Order), the only remaining claim in the case is a breach of implied warranty of fitness and merchantability asserted by Shannon Callnet against STPL.  STPL, an Indian company, argues that the court lacks personal jurisdiction over it for the sale of software to Shannon Callnet, also an Indian company, in the setup and running of a call center business in India.  (Pls.' Mem. at 3 (Docket No. 164).)  In response, Shannon Callnet argues that STPL has waived the defense of lack of personal jurisdiction.  (Defs.' Opp'n at 1 (Docket No. 168).)

Federal Rule of Civil Procedure 12(h)(1) provides that the defense of lack of personal jurisdiction is waived by "(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading . . . ."  Fed. R. Civ. P. 12(h)(1).  Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Id. 12(g)(2).

"[A] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."  Benny v. Pipes,

799 F.2d 489, 492 (9th Cir. 1986).  "A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under [Rule 12] must be raised at the first available opportunity or, if they are not, they are forever waived."  <u>Am. Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1106 (9th Cir. 2000).

Here, plaintiffs first included STPL in their pleadings on January 6, 2010, when plaintiffs alleged various breach of contract, misrepresentation, and breach of warranty claims against STPL in their Second Amended Complaint ("Second AC"). (Docket No. 45.)  Defendants, including STPL, filed a motion to dismiss a misrepresentation claim against defendants and joined in defendant Interactive's motion to transfer venue.  (Docket No. 51.)  STPL did not argue a lack of personal jurisdiction at that time, nor did STPL assert lack of personal jurisdiction in subsequent motions to dismiss.  (Docket Nos. 90, 143, 153.)

STPL's argument that the defense of personal jurisdiction was not available to it due to the court's December 21, 2009 Order finding personal jurisdiction over Puzhakkaraillath and Skylux on similar claims, (Docket No. 37), is unpersuasive.  This argument ignores the general rule that "[p]ersonal jurisdiction over each defendant must be analyzed individually," <u>Brainerd v. Governors of the Univ. of Alberta</u>, 873 F.2d 1257, 1258 (9th Cir. 1989) (citing <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984)), and STPL could have argued lack of personal jurisdiction in good faith despite the court's holding as to Puzhakkaraillath and Skylux.  STPL has accordingly waived the defense of lack of personal jurisdiction.

3

II.  <u>Proposed Order for Final Judgment for the Remaining</u>
<u>Defendants</u>

On January 16, 2013, this court dismissed with prejudice plaintiff's claim for unfair competition under California Business and Professions Code section 17200 against defendants STPL, Puzhakkaraillath, and Skylux.  (Jan. 16, 2013 Order at 8 (Docket No. 161).)  This was the sole claim against defendants Puzhakkaraillath and Skylux in the Sixth AC.  Rule 54(b) counsels that in actions involving multiple claims or multiple parties, district courts "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" upon a determination that there was 1) a "final judgment" and 2) there is "no just reason for delay."  Fed. R. Civ. P. 54(b); <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7-8 (1980); <u>Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.</u>, 819 F.2d 1519, 1524 (9th Cir. 1987).

A "final judgment" must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an "ultimate disposition of an individual claim in the course of a multiple claims action." <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956).  The January 16, 2013 Order dismissing the sole claim against Puzhakkaraillath and Skylux satisfies Rule 54(b)'s finality requirement.

In evaluating whether there is any just reason for delay, it is the district court's function to determine the proper time when each final decision is ready for appeal, given judicial administrative interests as well as the equities

involved.  See Curtiss-Wright Corp., 446 U.S. at 8.  A district

court may consider factors such as "whether the claims under

review were separable from the others remaining to be

adjudicated" as well as "whether the nature of the claims already

determined is such that no appellate court would have to decide

the same issues more than once even if there were subsequent

appeals."  Id.  "It is left to the sound judicial discretion of

the district court" to make this determination.  Id.

          In their dismissed unfair competition claims,

plaintiffs broadly alleged fraudulent action in the negotiations

over the MOU, in the call center's operations, and in the buying

of the calling center software.  (Jan. 16, 2013 Order at 5).

Here, the sheer scope of that claim will involve factual

allegations that are also involved in Shannon Callnet's remaining

claim against STPL for breach of implied warranty for the call

center software.  The unfair competition claim against

Puzhakkaraillath and Skylux is therefore not "sufficiently

severable factually and legally from the remaining matters" to

warrant appeal.  Cont'l Ailrines, 819 F.2d at 1525.  Accordingly,

the court will not enter final judgment in favor of

Puzhakkaraillath and Skylux at this time.

          IT IS THEREFORE ORDERED that STPL's motion to dismiss

for lack of personal jurisdiction be, and the same hereby is,

DENIED.  The court declines to enter final judgment in favor of

defendants Puzhakkaraillath and Skylux at this time.

DATED:  March 16, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5