1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                                 ----oo0oo----

11

12   MOHIT RANDHAWA aka HARPAL            NO. CIV. 2:09-02304 WBS DAD
     SINGH, and SHANNON CALLNET PVT
13   LTD,

14            Plaintiffs,                 MEMORANDUM AND ORDER RE:
                                          MOTION TO DISMISS FOR FORUM
15       v.                               NON CONVENIENS AND MOTION TO
                                          REQUIRE BOND
16   SKYLUX INC.; INTERACTIVE
     INTELLIGENCE, INC.; MUJEEB
17   PUZHAKKARAILLATH; SKYLUX
     TELELINK PVT LTD; and DOES 1
18   through 20, inclusive,

19            Defendants.

20   _____

21                                 ----oo0oo----

22            This matter is again before the court on defendant

23   Skylux Telelink PVT, LTD's ("STPL") motion to dismiss plaintiff

24   Shannon Callnet's single remaining claim against it in the Sixth

25   Amended Complaint ("Sixth AC") pursuant to the doctrine of <u>forum</u>

26   <u>non conveniens</u>.  (Docket No. 175.)  Defendant also moves for the

27   court to require plaintiff to post a bond to secure the

28   recoverable costs of litigation.  (Docket No. 176.)

                                      1

1          Plaintiff's general allegations have been set out in

2   previous orders, including the October 26, 2012 Order, (Docket

3   No. 148), and will not be repeated here.  After the court

4   dismissed the majority of plaintiffs' claims in the Sixth AC,

5   (January 16, 2012 Order), the only remaining claim in the case is

6   a breach of implied warranty of fitness and merchantability

7   asserted by Shannon Callnet against STPL for the alleged sale of

8   software in the setup and running of a call center business in

9   India.  STPL, an Indian company, argues that the dispute between

10  it and Shannon Callnet, also an Indian company, should be settled

11  in the Indian courts and the case should be dismissed under the

12  doctrine of forum non conveniens.

13          As explained by the Supreme Court:

14          A federal court has discretion to dismiss a case on the
            ground of forum non conveniens when an alternative forum
15          has jurisdiction to hear [the] case, and . . . trial in
            the chosen forum would establish . . . oppressiveness and
16          vexation to a defendant . . . out of all proportion to
            plaintiff's convenience, or . . . the chosen forum [is]
17          inappropriate because of considerations affecting the
            court's own administrative and legal problems.

18

19  Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549

20  U.S. 422, 429 (2007) (alterations in original) (internal

21  quotation marks and citations omitted).  "Dismissal for forum non

22  conveniens reflects a court's assessment of a 'range of

23  considerations, most notably the convenience to the parties and

24  the practical difficulties that can attend the adjudication of a

25  dispute in a certain locality.'"  Id. (quoting Quackenbush v.

26  Allstate Ins. Co., 517 U.S. 706, 723 (1996)).  The Supreme Court

27  "ha[s] characterized forum non conveniens as, essentially, 'a

28  supervening venue provision, permitting displacement of the

2

ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'" <u>Id.</u> at 529-30 (quoting <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 453 (1994)). "The common-law doctrine of <u>forum non conveniens</u> has continuing application [in federal courts] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." <u>Id.</u> at 430 (alteration in original) (internal quotation marks and citations omitted).

"To prevail on a motion to dismiss based upon <u>forum non conveniens</u>, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." <u>Carijano v. Occidental Petroleum Corp.</u>, 643 F.3d 1216, 1224 (9th Cir. 2011), <u>cert. denied</u>, 133 S. Ct. 1996 (2013).

A.   <u>Adequacy of the Forum</u>

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." <u>Id.</u> at 1225.  The circumstances in which a foreign forum offers a clearly unsatisfactory remedy are "rare." <u>Piper</u>, 454 U.S. at 254 n.22. Generally, an alternative forum is adequate if "the forum provides 'some remedy' for the wrong at issue.  This test is easy to pass; typically a forum will be inadequate only where remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" <u>Tuazaon v. R. J. Reynolds Tobacco Co.</u>, 433 F.3d 1163, 1178 (9th Cir. 2006) (quoting <u>Lockman Found. v. Evangelical Alliance Mission</u>, 930 F.2d 764, 768 (9th Cir. 1991)).

A foreign forum "may still be adequate even if it does not
provide the same remedies or recognize the exact same causes of
action as an American court." Id.  The court need not delve too
deeply into the adequacy of foreign law, as the forum non
conveniens doctrine was developed in part to "help courts avoid
conducting complex exercises in comparative law." Piper
Aircraft, 454 U.S. at 251.

     Multiple federal courts have found that India is an
adequate forum. See, e.g., Best Aviation Ltd. v. Chowdry, Nos.
2:12-cv-05852-ODW(VBKx), 2012 WL 5457439, at *5 (C.D. Cal. Nov.
7, 2012); Farhang v. Indian Inst. of Tech., No. C-08-02658 RMW,
2012 WL 113739, at *9 (N.D. Cal. Jan. 12, 2012); Chigurupati v.
Daiichi Sankyo Co., LTD, Civ. No. 10-5495 (PGS), 2011 WL 3443955,
at *3-4 (D.N.J. Aug. 8, 2011); Krish v. Balasubramaniam, No.
1:060CV-01030 OWW TAG, 2007 WL 1219281, at *2-3 (E.D. Cal. Apr.
25, 2007).

     Here, defendant is an Indian company and "hereby offers
to submit to the jurisdiction of Indian courts in either
Bangalore, where defendant is based, or Ludhiana, where plaintiff
was based, for the resolution of the remaining claim raised in
this action." (Def.'s Mot. to Dismiss at 7:4-9 (Docket No.
175).)  Defendant also submits the declaration of Ambika S, W/o
H.S. Arunpraksh, who is a member of the Bar Council of
Karanataka, India. (Docket No. 180.)  After acknowledging that
she understands that "Shannon Callnet's claim against STPL is
that STPL has breached an implied warranty on commercial goods
STPL sold to Shannon Callnet, including software," she explains
that "[t]he law applicable to the present case is The Indian

4

1    Contract Act of 1872," and that it is her opinion that "the

2    courts of India are a fair, competent, and efficient forum for

3    the adjudication of such a claim to judgment."  (Ambika Decl. ¶¶

4    5-6.)[1]

5              While plaintiff appears to question whether an implied

6    warranty claim can be brought in India, a foreign forum "may

7    still be adequate even if it does not provide the same remedies

8    or recognize the exact same causes of action as an American

9    court," Tuazaon, 433 F.3d at 1178, and plaintiff offers nothing

10   to refute Ambika's declaration that Indian law will provide a

11   remedy.  Plaintiff also argues that the courts of India are too

12   perfunctory, providing a mere minutes per case brought before the

13   bench.  (Pl.'s Opp'n at 8:25-9:23 (Docket No. 184); Pl.'s Req.

14   for Judicial Notice Exs. 2-3 ("RJN") (Docket No. 185).)  Yet

15   plaintiff also includes an Indian ruling in its submissions to

16   the court as an example of an Indian court ruling.  (Pl.'s RJN

17   Ex. 1.)  That document is over twenty-six pages long and exhibits

18   a legal analysis that addresses legal precedent and each party's

19   arguments.  Looking to the evidence before the court, the Indian

20   legal system's remedy is not "so clearly inadequate or

21   unsatisfactory, that it is no remedy at all."  Id. (internal

22   quotation marks and citation omitted).

23

24        [1]   Plaintiff objects to the declaration of Ambika because
     it was filed approximately two weeks after defendant filed its
25   motion to dismiss.  Due to a change in briefing schedule,
     however, plaintiff's opposition was due over a month after the
26   declaration was filed giving plaintiff adequate time to respond.
     Because plaintiff was not prejudiced by the late filing, the
27   court will consider the declaration of Ambika.  See Nelson v.
     Lewis County, No. C11-5876 RJB, 2012 WL 4112886, at *3 n.1 (Sept.
28   19, 2012) (denying the defendant's motion to strike a declaration
     when the defendant showed no prejudice from untimely filing).

                                    5

1  India is therefore an adequate forum to resolve the
2  parties' dispute.

3  B.  Balance of Factors

4  1.  Deference to Plaintiff's Chosen Forum

5  As the Supreme Court has explained, "[a] defendant
6  invoking forum non conveniens ordinarily bears a heavy burden in
7  opposing the plaintiff's chosen forum." Sinochem Intern. Co.,
8  549 U.S. at 430. "When the plaintiff's choice is not its home
9  forum, however, the presumption in the plaintiff's favor 'applies
10 with less force,' for the assumption that the chosen forum is
11 appropriate is in such cases 'less reasonable.'" Id. (quoting
12 Piper, 454 U.S. at 255-56). Here, plaintiff is a foreign
13 company, therefore the presumption "applies with less force."
14 Id. (internal quotation marks and citation omitted).  This does
15 not mean, however, that it is accorded no deference, as argued by
16 defendant. See Carijano, 643 F.3d at 1227 ("'[L]ess deference is
17 not the same thing as no deference.'" (quoting Ravelo Monegro v.
18 Rosa, 211 F.3d 509, 514 (9th Cir. 2000)).

19 2.  Private Factors

20 The private factors a court considers when conducting a
21 forum non conveniens analysis include: (1) the residence of the
22 parties and witnesses, (2) the forum's convenience to the
23 litigants, (3) access to physical evidence and other sources of
24 proof, (4) whether unwilling witnesses can be compelled to
25 testify, (5) the cost of bringing witnesses to trial, (6) the
26 enforceability of the judgment, (7) any practical problems or
27 other factors that contribute to an efficient resolution. Tuazon
28 v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir.

6

2006).  "In applying these factors, '[t]he district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each.'"  Id. (quoting Lueck v. Sundstrand Corp., 236 F.3d 1137, 1145 (9th Cir. 2001)).  "This guidance grants the district court the broadest possible discretion."  Id.

        Here, the claim at issue will involve the testimony of witnesses who worked at the now-defunct call center in India in order to establish if the software failed to work as allegedly warranted.  Thus, while Randhawa, who owns the plaintiff company, resides in California, the majority of material witnesses-- including the managing director of the defendant company, Niranjan Kumar V, the employees of defendant, and the former employees of plaintiff--appear to reside in India, (see Kumar Decl. ¶¶ 2, 7-9).  See Tuazon, 433 F.3d at 1181 ("The crucial focus is not on the number of witnesses or quantity of evidence in each locale, but rather the materiality and importance of the anticipated [evidence and] witnesses' testimony . . . .");  Best Aviation Ltd., 2012 WL 5457439, at *5 (C.D. Cal. 2012) ("[T]he majority of witnesses are located in Bangladesh.  Litigating the dispute in Bangladesh--where these important and material witnesses are located--ensures that they will be accessible for trial.").

        The cost of bringing these witnesses to California greatly outweighs the cost of having Randhawa fly to India, and STPL asserts that visas might be required, (Kumar Decl. ¶ 10). See Dibdin v. S. Tyneside NHS Healthcare Trust, No. CV 12-00206 DDP (PLAx), 2013 WL 327324, at *5 (C.D. Cal. Jan. 29, 2013)

("[I]f Plaintiff's case were to continue in California, all Defendants would likely need to travel to the state to testify. Plaintiff, however, is just one person . . . . The cost of bringing Defendants to the United States will be greater than transporting Plaintiff to England, so this factor weighs in favor of dismissal.")  While it may be true that advances in technology and communication make the burden of cross-border litigation lighter today than ever before, these advances do not lift the burden entirely.

Although plaintiff argues that the enforceability of an Indian judgment is uncertain, plaintiff fails to explain how an Indian court judgment would not be binding on defendant, especially given that defendant is an Indian company.[2]  Finally, it is unclear from the parties' arguments whether witnesses in India could be compelled to testify in California, but defendant does not assert that its witnesses would be unwilling to testify in California.  See Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc., 308-CV-0816-G, 2009 WL 464953, at *3 (N.D. Tex. Feb. 24, 2009) ("Ternium also does not identify any unwilling witnesses that would be subject to subpoena in this court but not in the District of South Carolina. Therefore, this factor is neutral.").

3.   Public Factors

---

[2]      Plaintiff cites Tuazon for the proposition that a lack of evidence as to the enforceability of an Indian judgment counsels against dismissal. (Pl.' Opp'n at 23:23-24:2.)  That case, however, involved an American defendant who would presumably be subject to a foreign judgment if the case was dismissed due to forum non conveniens.  Tuazon, 433 F.3d at 1181. Here, however, it is an Indian defendant that would be subject to an Indian judgment if the court granted the motion to dismiss based on forum non conveniens.

1    "In addition to the private interest factors, [the

2    court] must consider five public interest factors: (1) the local

3    interest in the lawsuit, (2) the court's familiarity with the

4    governing law, (3) the burden on local courts and juries, (4)

5    congestion in the court, and (5) the costs of resolving a dispute

6    unrelated to a particular forum."  Tuazon, 433 F.3d at 1181.

7         Here, while Randhawa resides in California, he is

8    technically not even a party to the remaining claim.

9    Furthermore, while residing in the United States, he endeavored

10   to create the plaintiff Indian company which would then establish

11   a call center in India with defendant, an Indian company.  Much

12   of the business related to that call center occurred in India,

13   and the loss of jobs due to the shuttering of the call center

14   would affect local Indian workers.  Thus, since "the local

15   interest in the lawsuit is comparatively low, the citizens of

16   [California] should not be forced to bear the burden of this

17   dispute."  Lueck 236 F.3d at 1147; see Vivendi SA v. T-Mobile USA

18   Inc., 586 F.3d 689, 696 (9th Cir. 2009) ("The burden on local

19   courts and juries unconnected to the case and the costs of

20   resolving a dispute unrelated to the forum also favor

21   dismissal."); Israel Discount Bank Ltd. v. Schapp, 505 F. Supp.

22   2d 651, 661 (C.D. Cal. 2007) ("Israel has an interest in the

23   integrity of a commercial transaction negotiated within its

24   boundaries, to be carried out in Israel, concerning the purchase

25   of an Israeli company, and allegedly fraudulently induced by an

26   Israeli banking institution.").

27        Furthermore, the claim currently before the court is

28   one for an implied warranty, rather than breach of a written

9

contract with a choice of law provision, and thus the court's
familiarity with the governing law appears to be neutral.
Finally, while plaintiff argues that Indian courts are overly
burdened, "[j]udges in the Eastern District of California carry
the heaviest caseload in the nation." <u>Deeths v. Lucile Slater
Packard Children's Hosp. at Stanford</u>, No. CV F 12-2096 LJO JLT,
2013 WL 2930651, at *1 (E.D Cal. June 13, 2013).  Thus, the
public factors overall tip toward dismissal.

        After considering the adequacy of the forum, the
appropriate deference to the plaintiff's choice of forum, and the
balance of both private and public factors, the court finds that
the considerations counsel in favor of dismissal under the
doctrine of <u>forum non conveniens</u>.  The court will accordingly
grant defendant's motion to dismiss.

        Defendant's motion to require a bond from plaintiff to
secure recoverable costs associated with the litigation appears
to rely upon the court's finding that the action will continue to
summary judgment and/or trial.  (<u>See</u> Def.'s Mot. to Secure Bond
at 5:8-11 (Docket No. 176) ("The background of this action
indicates that the remaining claim for Breach of Implied Warranty
is frivolous and that Defendant will likely prevail on summary
judgment.").)  The court will accordingly deny defendant's motion
for the court to require a bond as moot.

        IT IS THEREFORE ORDERED that:

    (1) defendant's motion to dismiss be, and the same hereby
is, GRANTED; and

    (2) defendant's motion to require plaintiff to post a bond
to secure costs associated with the litigation be, and the same

10

1 | hereby is, DENIED as MOOT.

2 |      The Clerk of Court is ordered to enter judgment of

3 | dismissal and close the file.

4 | DATED:  July 3, 2013

5

6 | WILLIAM B. SHUBB

7 | UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28